UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
**CLERK**
113 ST. JOSEPH STREET
MOBILE, ALABAMA 36602

OFFICIAL BUSINESS



UNITED STATES POSTAGE
PITNEY BOWES

02 1M
0004221820         AUG 17 2010
**$ 00.44⁰**
MAILED FROM ZIP CODE 36602



RETURNED TO SENDER

ATTEMPTED NOT KNOWN

Return to Sender

77002+4115

Case: 1:10cv422

Geoffrey H. Bracken
333 Clay Avenue
Suite 800
Houston, Tx 77002-4086

----------------------------------------------------------

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| OBIE F. CARLISLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 10-0422-WS-C |
| | ) | |
| BP, PLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on the Motion of Defendants Anadarko Petroleum
Corporation, Anadarko E&P Company, LP, and MOEX Offshore 2007 LLC to Stay Proceedings
(doc. 37).

On August 10, 2010, the United States Judicial Panel on Multidistrict Litigation entered a
Transfer Order in *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on
April 20, 2010*, MDL No. 2179. The effect of this Transfer Order is to transfer 77 Deepwater
Horizon-related actions to the U.S. District Court for the Eastern District of Louisiana for
coordinated or consolidated pretrial proceedings. The Transfer Order does not expressly reach
this case, much less effectuate its transfer to the Eastern District of Louisiana, inasmuch as this
action postdates the original motions for transfer and consolidation filed in other Deepwater
Horizon cases. Nonetheless, movants request a stay of this action based on the Transfer Order
because (i) it is a tagalong action, (ii) it is nearly identical to the cases already transferred,[1] and
(iii) the transferee court has indicated in MDL No. 2179 that, as to that action, "[e]ach defendant

---

[1]      On its face, this case differs from many of the other transferred actions in that
Carlisle's claims include causes of action for personal injury based on his alleged exposure to
waters polluted by defendants. However, the Transfer Order makes plain that the personal injury
/ property damage distinction is not material for purposes of transfer and consolidation; indeed,
the MDL Panel explained that "it makes sense to include the personal injury/wrongful death
actions in the MDL." (Doc. 37, Exh. A, at 3.) So the personal injury character of Carlisle's
claims will in no way exempt them from MDL transfer.

is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court." (Doc. 37, Exh. B, ¶ 8.)

Based on the foregoing, the Court agrees with movants that transfer of this action to MDL No. 2179 in the near future appears highly likely. In light of that fact, and because the transferee court has expressly stayed all deadlines for answers or Rule 12(b) motion practice in the consolidated proceedings, the Court finds that the interests of justice would be served by entry of a stay in this case until such time as the MDL Panel rules on the transfer issue. Accordingly, the Motion to Stay Proceedings (doc. 37) is **granted**, and this action is **stayed** pending a decision from the MDL Panel as to whether this case will be transferred to the Eastern District of Louisiana.

DONE and ORDERED this 16th day of August, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE